UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

GLOBE WHOLESALE TOBACCO
DISTRIBUTORS, INC.,

                        Plaintiff,

       - against -

TOBACCO & CANDY COMPANY INC., ET
AL.

                      Defendants.

─────────────────────────────────

25-cv-10799 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Globe Wholesale Tobacco Distributors, Inc. ("Globe Wholesale"), moves pursuant to 28 U.S.C. § 1447(c) to remand this case to the New York State Supreme Court, New York County. For the following reasons, Globe Wholesale's motion to remand is denied.

I.

Globe Wholesale filed this action in New York state court on November 26, 2025, asserting various contract and related business-tort claims arising from the parties' transaction. See generally Not. of Removal, Ex. 1, ECF No. 1-1. On December 31, 2025, the defendants, invoking this Court's diversity-of-citizenship jurisdiction, removed this action to federal court. Not. of Removal ¶ 10, ECF No. 1.

On January 6, 2026, Globe Wholesale moved to remand this action to state court pursuant to a forum-selection

clause in the parties' Asset Purchase Agreement.

Section 9.11 of that agreement provides that:

> the parties (a) hereby irrevocably and unconditionally submit exclusively to the jurisdiction and venue of the state courts of the State of New York and to the jurisdiction of the United States District Court for the Southern District of New York, in each case located in County of New York, New York, for the purpose of any suit, action, or other proceeding arising out of or based upon this Agreement, (b) agree not to commence any suit, action, or other proceeding arising out of or based upon this Agreement except in the state courts of the State of New York or the United States District Court for the Southern District of New York, in each case located in the County of New York, New York, and (c) hereby waive ... any claim that it is not subject personally to the jurisdiction of the above-named courts, ... that the suit, action, or proceeding is brought in an inconvenient forum, that the venue of the suit, action, or proceeding is improper ....

Pl.'s Mot. to Remand, Ex. E (the "APA") 26-27, ECF No. 5-6.

The defendants oppose the motion. They note that the forum-selection clause permits litigation in either New York state court or the United States District Court for the Southern District of New York. Although the defendants acknowledge that they waived any right to contest venue or personal jurisdiction, they argue that removal does not involve objecting to either.

2

## II.

Section 1441(a) of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This provision must be read narrowly, and any doubts must be resolved against removability "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994). "On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." Hodges v. Demchuk, 866 F. Supp. 730, 732 (S.D.N.Y. 1994).

Although § 1441(a) creates a limited right of removal, "[p]arties are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal courts." Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009). "To the extent that a forum selection clause binds diverse parties by its express terms to a specific jurisdiction that is not federal, it waives a statutory right to remove." Id.

**III.**

Globe Wholesale argues that this case must be remanded because the defendants agreed to a forum-selection clause in the APA. In Globe Wholesale's view, it was entitled to select New York state court as the forum to litigate this dispute, and the defendants waived any objection to venue in that forum. See Pl.'s Mem. Supp. Mot. to Remand 4, ECF No. 5-7.

This argument is unpersuasive because it conflates venue with removal. "The fact that [the] defendants waived any objection based on venue or forum non conveniens does not impair the vitality of their right of removal." Wexler v. Allegion (UK) Ltd., No. 16-cv-2252, 2016 WL 6662267, at *3 (S.D.N.Y. Nov. 9, 2016). That is because "venue relates to the convenience and fairness of a chosen forum," whereas "jurisdiction" — the predicate for removal — "relates to the power of a court to decide a case or controversy before it." Congress Fin. Corp. v. Bortnick, No. 00-cv-6361, 2000 WL 1634248, at *2 (S.D.N.Y. Oct. 31, 2000). Removal "is simply one of the procedures for invoking the limited grant of federal jurisdiction, and that right to invoke federal jurisdiction [is] not waived by" a waiver of objections to venue. Id. Globe Wholesale does not contend that the conditions for diversity jurisdiction are not met in this case.

4

To the extent Globe Wholesale contends that the forum-selection provision, rather than the provision waiving objections to venue and personal jurisdiction, precludes the defendants from removing this case, that argument is also unpersuasive. "[I]t is well established in this Circuit that waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal." Rabbi Jacob Joseph Sch. v. Province of Mendoza, 342 F. Supp. 2d 124, 128 (E.D.N.Y. 2004). The forum-selection clause in this case, however, does not even mention the right of removal, let alone expressly waive it.

A forum-selection clause may nonetheless waive a defendant's right to remove, even absent explicit language, in two circumstances: (1) when a mandatory forum-selection clause selects a state forum and excludes all other forums, and (2) when a forum-selection clause vests in the plaintiff the sole right to force the choice of forum upon the defendant. See City of New York v. Pullman Inc., 477 F. Supp. 438, 442 n.11 (S.D.N.Y. 1979) (Weinfeld, J.) ("An agreement [c]onferring jurisdiction in one forum will not be interpreted as [e]xcluding jurisdiction elsewhere unless it contains specific language of exclusion, or it leaves it in the control of one party with power to force on its own terms the appropriate forum.").

5

The forum-selection clause in this case satisfies neither condition. As explained above, Section 9.11 provides that the parties may litigate their dispute in either New York state or federal court, and "a forum selection clause that permits an action in either state or federal court and in which a party irrevocably submits to the jurisdiction of either court is a permissive clause permitting jurisdiction in either forum." JP Morgan Chase Bank, N.A. v. Reijtenbagh, 611 F. Supp. 2d 389, 391 (S.D.N.Y. 2009) (emphasis added). Nor does Section 9.11 vest in Globe Wholesale the sole and final right to choose between New York state and federal court.

The forum-selection clause in this case is therefore distinguishable from the clause in AGR Financial, L.L.C. v. Ready Staffing, Inc., 99 F. Supp. 2d 399 (S.D.N.Y. 2000). The contract provision in that case provided, in relevant part, that any action with respect to the agreement at issue "may be brought in the courts of the State of New York in the City of New York or of the United States of America for the Southern District of New York, as AGR may elect." Id. at 400 (emphasis in the original). There is no such language in Section 9.11.

Globe Wholesale also invokes Yakin v. Tyler Hill Corp., in which the Court of Appeals for the Second Circuit

6

affirmed a district court's decision remanding an action based on a forum-selection clause. But that case is also distinguishable. The forum-selection clause in Yakin provided that "the venue and place of trial of any dispute that may arise out of this Agreement or otherwise, to which Tyler Hill Camp, or its agents, is a party shall be in Nassau County, New York." 566 F.3d at 74. At the time of the underlying litigation, however, there was no federal court located in Nassau County. "Had there been a federal court located in Nassau County at the time of th[e] litigation, remand would have been improper." Id. at 76.

Furthermore, several courts in this Circuit have held that forum-selection clauses similar to the one at issue in this case do not waive a defendant's right of removal. For example, in Congress Financial Corp., the district court considered whether the defendants waived their right of removal by agreeing to a forum-selection clause that provided that each of the parties "irrevocably consents and submits to the non-exclusive jurisdiction of the Supreme Court of the State of New York in New York County and the United States District Court for the Southern District of New York and waives any objections based on venue or forum non conveniens with respect to any action instituted therein." 2000 WL 1634248, at *1. That language did not

7

amount to a waiver of the right of removal in part because it did not include language providing that the plaintiff's election of the state forum "exclude[d] the other specified New York Court." Id. at *2.

Likewise, the district court in GMAC Commercial Mortgage Corp. v. LaSalle Bank National Ass'n considered a forum-selection clause providing that the parties "irrevocably submit[ted] to the jurisdiction" of "the courts of the State of New York sitting in the boroughs of Manhattan or of the United States District Court for the Southern District of New York," and that the parties "waive, to the fullest extent permitted by law, any right to remove any such action or proceeding by reason of improper venue or inconvenient forum." 242 F. Supp. 2d 279, 281 (S.D.N.Y. 2002). The court held that the defendants had not waived their right to remove the case because the clause did not contain "clear language of election, vesting in Plaintiff the right to choose a particular court," nor did it contain other express language of waiver with respect to removal. Id. at 283.

*    *    *

Section 9.11 provides that the parties may litigate their dispute in either the state courts of New York or this Court. There is no unilateral election provision and

8

no "clear and unequivocal" waiver of the defendants' right of removal. Accordingly, Globe Wholesale's motion to remand is denied.

## CONCLUSION

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the plaintiff's motion to remand is **denied.**

The Clerk is requested to close ECF No. 5.

**SO ORDERED.**

**Dated:    New York, New York**
**April 7, 2026**

_____
**John G. Koeltl**
**United States District Judge**

9